C. T. HUBBLE, Respondent, v. COINER & PARKER, Appellants.

**Kansas City Court of Appeals, March 5, 1900.**

Justices' Courts: SUFFICIENCY OF STATEMENT: DAY'S WORK. A statement filed with a justice by a common laborer to recover his wages which states the days of the month and uses the words "shift" or "half shift" to indicate the amount of work on that date, states a sufficient cause of action.

Appeal from the Jasper Circuit Court.—*Hon. J. D. Perkins,* Judge.

AFFIRMED.

*Geo. E. Booth* for appellant.

(1) Whatever is essential to be proved must be alleged in the pleadings. McConey v. Wallace, 22 Mo. App. 377. (2) And every fact which the plaintiff must prove to maintain his suit is constitutive in the sense of the code, and must be alleged. Pier v. Heinrichoffen, 52 Mo. 333. (3) The petition herein does not state any number of days which the plaintiff was employed in the services of the defendant, but on the contrary says "shifts" and no amendments being made to said petition, a judgment could not be based on it. The law knows no such thing as "shift," and no mention is made in the evidence as to its meaning.

ELLISON, J.—This is an action begun before a justice of the peace on an account for labor for $31, in which the verdict in the trial court was for plaintiff and that he performed the service as a day laborer.

Hubble v. Coiner & Parker.

The only objection to the judgment urged in defendants' brief is, that there is no cause of action stated in plaintiff's statement and that defendants' objection to any evidence thereunder should have been sustained by the circuit court. The objection, as stated by defendants, is as follows: "The petition herein does not state any number of days which the plaintiff was employed in the services of the defendant, but on the contrary says 'shifts' and no amendment being made to said petition, a judgment could not be based on it. The law knows no such thing as 'shift,' and no mention is made in the evidence as to its meaning."

The statement as filed before the justice alleges that plaintiff commenced work as a common laborer in defendants' mine on the twenty-sixth day of December, 1897, for the price of $1.75 per day "and continued so to work on days and dates as follows, to wit:" Here follows the days and dates of the work, the specific times the labor was performed being indicated thus:

"Dec. 26th, 1897, half shift."

"Jan. 4th, 1898, 1 shift."

And so on, the last date being March 1st. The point against this seems to be that the word, "day," should have been used instead of the word, "shift." We are of the opinion the objection is not well taken.

Taking the entire statement together no one could misunderstand it. It is not often a better statement is had before a justice of the peace.

The judgment is affirmed. The other judges concur.